IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00119-MR-WCM

| | |
|---|---|
| PAKUJA CRYSTAL VANG, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VALDESE WEAVER, MELISSA )<br>MITCHELL, SCOTT LNU, )<br>BRITTANY LNU, NANCY YANG, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court upon remand from the Fourth Circuit Court of Appeals for the limited purpose of allowing this Court to determine whether the Plaintiff, Pakuja Crystal Vang ("Plaintiff"), has demonstrated excusable neglect or good cause warranting an extension of the appeal period. [Doc. 23].

**I.  PROCEDURAL BACKGROUND**

On June 9, 2022, the Plaintiff filed the present civil action against Valdese Weaver, her former employer; Melissa Mitchell, a safety manager; Scot LNU, a plant manager; Brittany LNU, a human resources officer; and Nancy Yang, a plant coordinator, purportedly asserting claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

("ADA"). [Doc. 1]. Along with her Complaint, the Plaintiff filed an Application to proceed without the prepayment of fees or costs. [Doc. 2]. On June 27, 2022, the Honorable W. Carleton Metcalf, United States Magistrate Judge, denied the Plaintiff's Application without prejudice for failing to provide all the information necessary to determine whether the Plaintiff has sufficient resources from which to pay the filing fee. [Doc. 3].

When no amended application was forthcoming, the Court entered an Order on August 5, 2022, directing the Plaintiff to file an amended application or pay the required filing fee within fourteen (14) days. [Doc. 4]. The Plaintiff was specifically warned that failure to file an amended application or pay the filing fee within the time required would result in the dismissal of this action without prejudice. [Id.]. More than fourteen (14) days passed without any filing from the Plaintiff. On September 1, 2022, the Court entered an Order dismissing this action without prejudice. [Doc. 5].

On September 19, 2022, the Plaintiff filed an amended Application [Doc. 7] and a letter addressed to the Court, requesting to receive electronic notification of filings [Doc. 8]. Before the Court could rule on her Application, however, the Plaintiff filed a Notice of Appeal with the Fourth Circuit Court of Appeals, thereby divesting this Court of jurisdiction. [Doc. 11]. Along with her Notice of Appeal, the Plaintiff filed a letter addressed to the Court

requesting an appeal. [Doc. 9]. On November 22, 2022, while her appeal was pending, the Plaintiff filed an Amended Complaint. [Doc. 19]. On January 19, 2023, the Court of Appeals issued a decision stating that it liberally construed her letter to this Court requesting an appeal [Doc. 9] as a motion for an extension of the appeal period and accordingly remanded to this Court "for the limited purpose of determining whether Vang has demonstrated excusable neglect or good cause warranting an extension of the appeal period." [Doc. 23]. Accordingly, the matter is now properly before the Court for this limited purpose.

**II.   DISCUSSION**

A litigant must file a notice of appeal in a civil suit within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007). The district court may extend the time for filing a notice of appeal if a party moves for an extension of the appeals period within 30 days after the expiration of the original appeals period and the party demonstrates either excusable neglect or good cause to warrant the extension. Fed. R. App. P. 4(a)(5).

In her letter to the Court, the Plaintiff stated: "I haven't been able to check my po boxes because I been [sic] traveling back and forth. Fighting

3

for medical treatment and everything." [Doc. 9 at 1]. She also stated that she is "currently homeless and [doesn't] check [her] mailbox all the time." [Id.].

The Court concludes that the Plaintiff's reasons for her failure to timely file a notice of appeal are insufficient to demonstrate good cause or excusable neglect. The Plaintiff has failed to connect either her living situation or her medical treatment to why she was unable to timely file a notice of appeal. While the Plaintiff mentions being homeless in the same sentence in which she mentions not checking her mail, she fails to explain how or if the two are related. She similarly alludes to travel for medical treatment without explaining the extent of such travel or how much of the thirty-day filing period was consumed by travel and treatment. The excuses offered by the Plaintiff are vague and fail to demonstrate good cause or excusable neglect, and she has thus failed to provide the Court with an adequate explanation of why she was prevented from filing a notice of appeal at any point during the thirty days she had to timely file.

Moreover, the Plaintiff's appeal was not of a final order. "Generally, an order dismissing a complaint without prejudice is not an appealable final order under 28 U.S.C. § 1291 when 'the plaintiff could save [her] action by merely amending [her] complaint.'" Young v. Nickols, 412 F.3d 416, 418 (4th Cir. 2005) (quoting Domino Sugar Corp. v. Sugar Workers Loc. Union 392,

10 F.3d 1064, 1066-67 (4th Cir. 1993)). Here, the Plaintiff could have saved her action by filing an amended application to proceed without prepayment of fees or costs.[1] Accordingly, were the Court to allow the Plaintiff to appeal despite her failure to timely file a notice of appeal, it appears that her appeal would be futile and serve only to delay this action.

Accordingly, the Court concludes that the Plaintiff's notice of appeal was not timely filed and she has not shown good cause or excusable neglect warranting an extension of the time to file an appeal.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's request that her Notice of Appeal be accepted as timely is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge

---

[1] The Plaintiff did ultimately file an amended application but filed her Notice of Appeal before the Court ruled on this application.