# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00119-MR-WCM

| | |
|---|---|
| PAKUJA CRYSTAL VANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| VALDESE WEAVER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs. [Doc. 7]; two letters, which the Court construes as a motion for email notification and a motion for reconsideration, respectively [Docs. 8, 9]; an Amended Complaint [Doc. 19]; and a second Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 21].

## I. BACKGROUND

On June 9, 2022, the Plaintiff filed the present civil action against Valdese Weaver, her former employer; Melissa Mitchell, a safety manager; Scot LNU, a plant manager; Brittany LNU, a human resources officer; and Nancy Yang, a plant coordinator, purportedly asserting claims pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

("ADA"). [Doc. 1]. In her Complaint, the Plaintiff alleges that she suffered disability discrimination by the Defendants in the form of the termination of her employment, retaliation, and "prevention of medical treatment & negligence causing permanent injuries." [Doc. 1 at 4]. Specifically, the Plaintiff alleges that on September 11, 2020, while employed at Valdese Weavers, she was injured while carrying a box of cardboard cones weighing 25-35 pounds. [Id. at 5]. After reporting her work injury, she received medical treatment and was placed on work restrictions. [Id.]. She alleges that when she returned to work six days later, she was forced to perform tasks that violated these restrictions, thereby injuring herself further. [Id.]. The Plaintiff alleges that on September 23, 2020, she was denied workers' compensation benefits, but that on September 24, 2020, she was approved for 12 weeks of leave under the Family and Medical Leave Act (FMLA). [Id.]. She alleges that her FMLA leave was extended for a period of six months "due to having a work note unable to come back to work due to injuries." [Id.]. She alleges that she was terminated from her employment on March 24, 2021. [Id.].

Along with her Complaint, the Plaintiff filed an Application to proceed without the prepayment of fees or costs. [Doc. 2]. On June 27, 2022, the Honorable W. Carleton Metcalf, United States Magistrate Judge, denied the

Plaintiff's Application without prejudice for failing to provide all the information necessary to determine whether the Plaintiff has sufficient resources from which to pay the filing fee. [Doc. 3].

When no amended application was forthcoming, the Court entered an Order on August 5, 2022, directing the Plaintiff to file an amended application or pay the required filing fee within fourteen (14) days. [Doc. 4]. The Plaintiff was specifically warned that failure to file an amended application or pay the filing fee within the time required would result in the dismissal of this action without prejudice. [Id.]. More than fourteen (14) days passed without any filing from the Plaintiff. On September 1, 2022, the Court entered an Order dismissing this action without prejudice. [Doc. 5].

On September 19, 2022, the Plaintiff filed an amended Application, along with two letters addressed to the Court, requesting reconsideration of its prior Order as well as the right to receive email notifications from the Court.[1] [Docs. 7, 8, 9]. Before the Court could rule on her application, however, the Plaintiff filed a Notice of Appeal with the Fourth Circuit Court of Appeals, thereby divesting this Court of jurisdiction. [Doc. 11].

---

[1] In the exercise of its discretion, the Court will grant the Plaintiff's request to receive electronic notification of court filings. See Administrative Procedures Governing Filing and Service by Electronic Means, at 2-3 (W.D.N.C.).

Thereafter, the Plaintiff filed an Amended Complaint [Doc. 19] and a second Application to proceed without the prepayment of fees and costs. [Doc. 21]. The Court held the Plaintiff's Applications in abeyance pending the resolution of the Plaintiff's appeal. [See Doc. 22].

On January 19, 2023, the Court of Appeals remanded this case for the limited purpose of determining whether the Plaintiff had demonstrated excusable neglect or good cause for the untimely filing of the Notice of Appeal. [Doc. 23]. On February 9, 2023, the Court entered an Order denying the Plaintiff's request that her Notice of Appeal be accepted as timely. [Doc. 24]. On March 15, 2023, the Court of Appeals dismissed the Plaintiff's appeal as untimely. [Doc. 25]. The Court of Appeals' mandate issued on April 6, 2023. [Doc. 26]. With the appeal having been resolved, the Plaintiff's Motion for Reconsideration, as well as her Amended Application and Amended Complaint, are now ripe for consideration.

## II. DISCUSSION

### A. Motion for Reconsideration

As noted, the Court previously dismissed this action without prejudice due to the Plaintiff's failure to pay the required filing fee or file an amended application to proceed without the prepayment of fees or costs. In her letters, the Plaintiff purports to offer an explanation for her failure to timely respond

4

to the Court's Order, stating that she is homeless and has not been able to check her mailbox regularly. [See Doc. 8 at 1; Doc. 9 at 1].

In light of the circumstances described by the Plaintiff, the Court will vacate its prior Judgment and consider the Plaintiff's Amended Application to proceed without the prepayment of fees and costs (hereinafter "Amended IFP Application"). [Doc. 7]. The Court further will conduct a review of the Plaintiff's Amended Complaint. [Doc. 19].

### B. Amended IFP Application

By the Amended IFP Application, the Plaintiff renews her request to proceed with this action without the prepayment of fees and costs. [Doc. 7]. Upon review of the Amended IFP Application, the Court finds that the Plaintiff has adequately demonstrated that she is unable to make prepayment of the required fees and costs. Accordingly, the Amended IFP Application [Doc. 7] will be granted.[2]

### C. Section 1915 Review of the Amended Complaint

Because the Plaintiff is seeking to proceed *in forma pauperis* in this case, the Court must examine the Plaintiff's Amended Complaint to determine whether this Court has jurisdiction and to ensure that the action is

---

[2] In light of this ruling, the Plaintiff's second Application [Doc. 21] will be denied as moot.

not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement

6

Case 1:22-cv-00119-MR-WCM   Document 27   Filed 04/18/23   Page 6 of 13

of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

In her Amended Complaint, the Plaintiff names only Valdese Weaver as a defendant. She reasserts her previously pled claims for disability discrimination and retaliation under the Americans with Disabilities Act of 1990, but also adds claims under 42 U.S.C. § 1320d-6 for the alleged "wrongful disclosure of individually identifiable health information," under 18 U.S.C. § 241 for a "conspiracy against rights," and under 18 U.S.C. § 1702 for "obstruction of correspondence." [Doc. 19 at 3-4]. The Plaintiff essentially restates the factual allegations from her original Complaint in support of these claims. [Id. at 5].

### 1. Disability Discrimination

The ADA prohibits a covered employer from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To state a claim for disability discrimination under the ADA, a plaintiff must allege that

7

(1) she had a disability as defined in the ADA; (2) she was a "qualified individual"; and (3) her employer took an adverse action on the basis of her disability. See Gentry v. East West Partners Club Mgmt. Co., 816 F.3d 228, 236 (4th Cir. 2016); Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A "disability" may be established by a showing of: (1) "a physical or mental impairment that substantially limits one or more major life activities"; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include, but are not limited to, such activities as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The Plaintiff fails to state any plausible facts to establish any of the essential elements of a disability discrimination claim against her former employer. First, the Amended Complaint fails to allege the nature of her alleged impairment and how such impairment substantially limits any major

8

life activities. As such, the Plaintiff's allegations fail to establish that she has a "disability" within the meaning of the ADA. Further, the Complaint contains no allegations from which the Court could infer that she was qualified to perform the essential functions of her job, with or without reasonable accommodations. Finally, the Plaintiff has failed to assert any plausible allegations that Valdese Weaver took any adverse action against her because of her alleged disability. Accordingly, the Plaintiff's claims for disability discrimination fail to state a claim upon which relief can be granted.

### 2. Retaliation

To state a claim for retaliation under the ADA, a plaintiff must allege (1) that she engaged in protected conduct; (2) that she suffered an adverse employment action; and (3) that a causal link exists between her protected conduct and the adverse action. Jones v. HCA, 16 F. Supp. 3d 622, 635 (E.D. Va. 2014).

Here, while the Plaintiff asserts a claim for retaliation, she has pled no facts to establish such a claim. She has not alleged that she engaged in any protected conduct, or that any causal link exists between such conduct and the adverse employment actions she allegedly suffered. As the Plaintiff has failed to state any factual allegations in support of her claim, the Plaintiff's retaliation claim is dismissed.

9

### 3. Other Causes of Action

The Plaintiff also purports to assert claims under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-6, as well as two criminal statutes, 18 U.S.C. § 241 and 18 U.S.C. § 1702. [Doc. 19 at 3-4]. None of these statutes, however, provides for a private cause of action. See Payne v. Taslimi, 998 F.3d 648, 660 (4th Cir. 2021) (stating that HIPAA does not create private right of action), cert. denied, 142 S. Ct. 716 (2021); Contemporary Mission, Inc. v. United States Postal Serv., 648 F.3d 97, 103 n.7 (2d Cir. 1981) (noting that 18 U.S.C. § 702 does not provide private cause of action for obstruction of correspondence); Richardson v. Lopez, No. 5:21-CV-413-BO, 2022 WL 3337151, at *4 (E.D.N.C. June 26, 2022) (stating that 18 U.S.C. § 241 odes not create private right of action for conspiracy), report and recommendation adopted by, 2022 WL 3365055 (E.D.N.C. Aug. 15, 2022), aff'd, 2023 WL 2135459 (4th Cir. Feb. 21, 2023). Accordingly, the Plaintiff's claims under these statutory provisions are frivolous and must be dismissed.

### D. Dismissal Without Leave to Amend

This action is one of at least eight civil actions that the Plaintiff has filed in this Court in the past two years. Almost all of these actions have been dismissed, either for failing to state a claim, for a lack of jurisdiction, or for

failure to prosecute.[3] The Plaintiff's repetitive and vexatious filings ultimately resulted in the Court imposing a pre-filing review system on the Plaintiff. See Civil Case No. 1:23-cv-00018-MR-WCM, Doc. 6 (Mar. 14, 2023).

The Plaintiff named Valdese Weaver as a defendant in four of these civil actions. In Civil Case No. 1:22-cv-232-MR-WCM, the Plaintiff asserted disability discrimination claims against Valdese Weaver that are virtually identical to the claims asserted in this action. The Plaintiff's Compliant in that case was dismissed for failure to state a claim, and the Plaintiff was given an opportunity to file an Amended Complaint. She chose, however, not to file an Amended Complaint in that action.

As the Plaintiff has already been given an opportunity to amend her disability discrimination claims against Valdese Weaver, and because the other claims asserted herein are frivolous and cannot state a cause of action, the Court will dismiss the present action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

### III. CONCLUSION

In sum, the Court will vacate its prior Judgment and consider the Plaintiff's Amended Application to proceed without the prepayment of fees

---

[3] The Plaintiff currently has only one other civil action pending, which is against the Commissioner of Social Security. See Civil Case No. 1:22-cv-00053-MR.

and costs. The Court will allow the Amended Application; however, the Court concludes that the Amended Complaint is frivolous and fails to state any claim upon which relief may be granted. Therefore, the Amended Complaint will be dismissed with prejudice for the reasons stated herein.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Amended Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 7] is **GRANTED**;

2. The Plaintiff's Motion to Receive Electronic Notification [Doc. 8] is **GRANTED**, and the Plaintiff shall receive notice via email ([crystalchax@gmail.com](crystalchax@gmail.com)) whenever a pleading or other paper is filed electronically in this matter;

3. The Plaintiff's Motion for Reconsideration [Doc. 9] is **GRANTED**, and the Court's Order dismissing the Plaintiff's Complaint without prejudice [Doc. 5] is **VACATED**;

4. The Plaintiff's Amended Complaint [Doc. 19] is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted; and

5. The Plaintiff's Second Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 21] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: April 16, 2023

Martin Reidinger
Chief United States District Judge